TAYLOR, Judge.
The appellant, Jamie Lee Ogle, was in-dieted by the Talladega County grand jury under a two-count indictment. Count one charged the appellant with arson in the second degree, a violation of § 13A-7-42, Code of Alabama 1975, and count two charged him with burglary in the third degree, a violation of § 13A-7-7, Code of Alabama 1975.
After first entering a plea of not guilty to the charges, the appellant entered a plea of guilty and signed an “Explanation of Rights and Plea of Guilty” form before the Honorable Judge Jerry L. Fielding. The *1271 appellant was thereafter adjudged guilty as charged and was sentenced to five years in prison.
The appellant contends that the trial court erred in accepting his plea of guilty on counts one and two of the indictment, i.e., arson in the second degree and burglary in the third degree. He argues that both violations arose from the same set of circumstances and that the trial court correctly sentenced him only on one count.
He maintains that he pleaded guilty to one offense; therefore, he argues, he should not have two felony convictions entered against him. He argues that having two felony convictions expose him to a harsher penalty under the Alabama Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975, if he is found guilty of a subsequent offense.
In this case, the appellant was indicted for, and pleaded guilty to, the charge of burglary in the third degree, a violation of § 13A-7-7, Code of Alabama 1975. That section provides:
“A person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein.”
He also pleaded guilty to arson in the second degree, a violation of § 13A-7-42. That section provides:
“A person commits the crime of arson in the second degree if he intentionally damages a building by starting or maintaining a fire or causing an explosion.”
In Ex parte Brown, 367 So.2d 557, 559 (Ala.1978), the Alabama Supreme Court held:
“A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.”
In this case, the appellant committed the burglary, and once the burglary was completed, committed arson by “starting or maintaining a fire or causing an explosion.” Thus, the appellant committed two distinct crimes and pleaded guilty to two distinct crimes.
The record shows that the appellant was sentenced to a term of “five years and no days.” The following occurred:
“THE COURT: You’ve got a two-count indictment. You’re only going to get one punishment out of it. You’re not going to get punished on both of them. I wanted to make that clear. You also understand that the court has to impose against you a Crime Victims Compensation Fee of not less that $50.00 nor more than $10,000.00 in this case?”
[[Image here]]
“THE COURT: .... It is the judgment of the court that the defendant is guilty of the offense of Count I arson in the 2nd degree and Count II burglary in the 3rd degree as charged in the indictment. It is the further judgment of the court that the defendant’s punishment be fixed at imprisonment in the penitentiary of the State of Alabama for five (5) years and no days.”
The circuit court did not err in accepting guilty pleas to each felony, nor in finding the appellant guilty of both felonies.
AFFIRMED.
All the Judges concur.